IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HERBERT J. SWENDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:23-CV-04073 |
| ) | |
| JEAN LAMFERS and SARAH BROWN, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

1.  Comes now the Plaintiff, Herbert J. Swender, by and through counsel of record, and hereby brings this action against Jean Lamfers and Sarah Brown for defaming Mr. Swender's professional reputation and character while he was President of the Garden City Community College in Garden City, Kansas ("the College" or "GCCC").

2.  Defendants Lamfers and Brown are both attorneys who represented a GCCC volleyball player named Shaney Tiumalu in litigation against Mr. Swender, GCCC and numerous other College administration officials in this Court between April 2020 and August 2022 (the "Tiumalu Litigation"). See *Tiumalu v. Garden City Community College et al.*, No. 2:20-cv-02193 (D. Kan.).

3.  Ms. Tiumalu's lawsuit made false and defamatory statements about Mr. Swender— in particular, that he discriminated against, and sexually harassed women at the College and acted in a threatening and intimidating manner toward them and faculty members. During her deposition, Ms. Tiumalu testified that these accusations were in fact untrue. The Tiumalu Litigation was eventually settled by the parties in August 2022.

1

4.      Defendants Jean Lamfers and Sarah Brown acted with disregard for the truth in filing the Tiumalu litigation before this Court, and gravely injured Mr. Swender. As a result of the Defendants' conduct, false and defamatory statements were printed and diffused in local media outlets.

## The Parties

5.      Plaintiff Herbert J. Swender is a resident and citizen of Grove, Oklahoma. Herbert J. Swender maintains the residential address of 59506 S. 585 Court, Grove, Oklahoma 74344.

6.      Defendant Jean Lamfers is a resident, citizen and domiciliary of Shawnee, Kansas. Plaintiff is a citizen of Oklahoma, diversity of citizenship exists between Dr. Swender and Ms. Lamfers.

7.      Defendant Sarah Brown is a resident, citizen and domiciliary of Leawood, Kansas.  During the pendency of the Tiumlau Litigation, Ms. Brown's contact address on this Court's docket sheet was listed as 1600 Genessee Street, Suite 956 Kansas City, MO 64102.  Ms. Brown's professional profile on her law firm's website confirms this same address.[1]  As Plaintiff is a citizen of Oklahoma, diversity of citizenship exists between Dr. Swender and Ms. Brown.

8.      As complete diversity of citizenship exists between the Parties, this Court has jurisdiction over this dispute pursuant to 28 U.S.C. Section 1332(a).

## Jurisdiction

---

[1] *See* https://brownandcurry.com/who-we-are/sarah-brown/ (accessed August 24, 2023 and showing Ms. Brown's address as being "1600 GENESSEE SUITE 956 KANSAS CITY, MO 64102").

9. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. Section 1332(a) as the Parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

### The Tiumalu Litigation

10. Defendants filed the Tiumalu Litigation on April 13, 2020, against GCCC, Dr. Swender, and other College administrators,

11. On July 22, 2020, Defendants filed a First Amended Complaint against Mr. Swender and the other Tiumalu Defendants.

12. On October 9, 2020, Herbert J. Swender and the other Tiumalu Defendants filed a motion to dismiss the First Amended Complaint for lack of jurisdiction.

13. On May 6, 2021, the Court granted in part and dismissed in part the Motion To Dismiss.

14. On June 4, 2021, Herbert J. Swender and the other Tiumalu Defendants filed their Answer to the First Amended Complaint. After discovery, Defendants Jean Lamfers and Sarah Brown filed a first amended petition including allegations denied by their client.

15. On August 16, 2022, the court hearing the Tiumalu Litigation administratively closed the case following the conclusion of a settlement between the Parties. On September 30, 2022, the Parties filed a Stipulation of Dismissal ending the litigation.

### Allegations against Herbert J. Swender

15. Defendants Lamfers and Brown brought the following claims among others against the Tiumalu Defendants, including Herbert J. Swender: "(1) Title IX retaliation by GCCC in violation of 20 U.S.C. § 1681 et seq.; (2) First Amendment retaliation under the United States Constitution, U.S. Const. amends. I, XIV, and 42 U.S.C. § 1983 by individual defendants in their

individual and official capacities, and GCCC under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); (3) conspiracy to interfere with civil rights under 42 U.S.C. § 1985(2) by Trustees Wasinger and Douglass in their individual capacities; and (4) Kansas Consumer Protection Act violations under K.S.A. § 50-623 et seq. by GCCC."

16. Defendants alleged the Faculty Senate Report is replete with numerous instances of materially relevant gender discriminatory behaviors of Defendant Swender that were ratified or acquiesced in by other Defendants and that resulted in adverse discriminatory harm to students and employees, including Plaintiff." First Amended Complaint.

17. Ms. Tiumalu testified in her deposition testimony: Q. "Has Mr. Swender denied you rights at all that you're aware of? A. Personally, no. Q. Has he denied the rights of any female, any person of a protected class, whether it be by age, religion, origin, place of birth, orientation, or anything else, or disability, anybody that you know of, of seeing a policy of denying them their rights? […] A. No, not that I know of.

18. The defendants allege that Defendant College and Defendant Swender engaged in deceptive and unconscionable recruitment and scholarship practices based on customs, policies or practices adopted by its ultimate decision-maker, Swender, and ratified by Defendant Trustees, when Plaintiff Shaney Tiumalu was induced to attend GCCC with promises of a "full ride" scholarship, including room and board." First Amended Complaint.

19. Shaney Tiumalu stated in her deposition testimony: Q. Okay. Now, did Mr. Swender ever come up to Western Nebraska and talk to you? A. No. Q. Did Doctor Swender ever, before you started at Garden City Community College, stated I'll give you a full ride? Doctor Swender, the gentleman sitting over here, did he ever say that? A. Before I attended? Q. Yes? A. No. Q. Did he ever meet with you? A. No. Q. Did he ever talk to you directly? A. No.

4

20. Defendant College and Defendant Swender actually misled Plaintiff when for the school year 2016-17 they neither billed nor sought payment from Plaintiff for room and board." First Amended Complaint.

21. Dr. Swender testified that he did not find out Ms. Tiumalu was not billed or paid until the business office said she could not re-enroll. At that time, he directed the business office to allow her to re-enroll her so they could investigate what happened.

22. Dr. Swender and Mr. Green interfered with Plaintiffs friendships in an attempt to discourage her speech, as well. First Amended Complaint.

23. In addition, Ms. Tiumalu testified in her deposition: Q. Has Mr. Swender denied you rights at all that you're aware of?  A.  Personally, no.

24. Shaney Tiumalu admitted in her deposition that the letter to the board giving rise to the investigations regarding her alleged Complaints was a forgery and she did not write that letter or voice those complaints.

## Count I
## (Malicious Prosecution)

Plaintiff incorporates the foregoing as if fully set forth herein.

25. Defendants' representation of Ms. Tiumalu in litigation before this Court—and their disregard for the veracity of the statements they made against Dr. Swender on her behalf—led Lamfers and Brown to make false and defamatory accusations about Dr. Swender as part of a concerted effort to maliciously prosecute him, in violation of Kansas State law.

26. *First*, Defendants Lamfers and Brown initiated the Tiumalu Litigation against Mr. Swender (as well as other defendants)

27. *Second*, the Defendants had no probable cause to assert claims against Mr. Swender given Ms. Tiumalu's own testimony that the factual predicates for the claims were false;

5

28. *Third*, the Defendants acted with malice toward Mr. Swender;

29. *Fourth*, the proceeding terminated in favor of Mr. Swender as the litigation was settled without Mr. Swender paying anything to Ms. Tiumalu, and

30. *Fifth*, Mr. Swender suffered damages in an amount which will be proven at trial, but in excess of $75,000.

## Count II
## Defamation (Libel)

Plaintiff incorporates the foregoing as if fully set forth herein.

31. Defendants' Lamfers and Brown's representation of Ms. Tiumalu— and their disregard for the veracity of the statements they made against Dr. Swender on her behalf —led Lamfers and Brown to make libelous statements against Mr. Swender, in violation of Kansas State law.

32. *First*, by filing Ms. Tiumalu's Complaint and First Amended Complaint in the United States District Court for the District of Kansas, Defendants caused false and defamatory statements about Dr. Swender to be made;

33. *Second*, since the allegations against Dr. Swender in the complaint and in the first amended complaint were publicly available, Defendants caused those defamatory statements to be communicated to third persons; and

34. *Third*, Defendants acts grievously harmed the professional reputation of Dr. Swender seeking damages in excess of $75,000.

## Count III
## Fraudulent Misrepresentation

Plaintiff incorporates the following as if fully set forth herein.

35. Defendants Brown and Lamfers' statements about Dr. Swender constitute fraudulent misrepresentation under Kansas law.

36. *First*, Defendants made untrue statements of fact;

37. *Second*, Defendants knew the statements were untrue;

38. *Third*, Defendants made the statements with intent to deceive or with reckless disregard for the truth; and

39. *Fourth*, Dr. Swender was injured by Defendants' propagation of false statements.

## PRAYER FOR RELIEF

Dr. Swender suffered damages in excess of $75,000, past lost wages and benefits, future lost wages and benefits, lost opportunities, emotional distress, pain and suffering, Dr Swender's personal and professional reputation were injured; he suffered emotional pain and suffering; he had to prematurely separate from the College in his prime age for college presidencies, his early separation resulted in Mr. Swender losing valuable retirement, health insurance coverage, life insurance benefits that he otherwise would have been entitled to under his contract with GCCC. President Swender lost his current positions on local, state, and national boards; future opportunities to serve on prestigious local, state, and national boards as a sitting college president. He suffered reputational damage with *The Higher Learning Commission, Kansas Board of Regents,* and *Kansas Jayhawk Community College Conference.* In addition to compensatory damages Dr Swender asks for punitive damages, costs, expenses, and attorneys' fee and any other such relief the Court may order.

Respectfully submitted:

  /s/Ronald P. Pope
Ronald P, Pope, #11913
RALSTON, POPE & DIEHL, LLC
2913 SW Maupin
Topeka, Kansas 66614
Phone:  785-273-8002
Fax:  785-273-0744
ron@ralstonpope.com
*Attorneys for the Plaintiff*