## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HERBERT J. SWENDER,

                              Plaintiff,                    Case No. 23-4073-DDC-BGS

v.

JEAN LAMFERS, et al.,

                              Defendants.

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Dr. Herbert J. Swender brings this diversity action against defendants Jean Lamfers and Sarah Brown for malicious prosecution, defamation, and fraudulent misrepresentation.  Defendants are attorneys who filed a lawsuit on behalf of Shaney Tiumalu against plaintiff when he served as president of Garden City Community College.  Plaintiff alleges that the Tiumalu lawsuit made false and defamatory statements about him and now he seeks to hold defendants—as Tiumalu's attorneys—accountable.

Defendants have filed a Joint Motion to Strike or, in the Alternative, to Dismiss (Doc. 17).  Defendants invite the court to strike plaintiff's Complaint under Kansas's Public Speech Protection Act or, alternatively, to dismiss plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).  The court chooses the latter option and grants defendants' motion.[1]  The court explains this decision, below, beginning with the relevant background.

---

[1]     The court chooses this Rule 12(b)(6) route to avoid a Circuit split about whether Kansas's Public Speech Protection Act, also known as an anti-SLAPP law, is procedural or substantive under the *Erie* doctrine.  Our Circuit hasn't weighed in on the issue, and defendants' motion presents an alternative option.  The court seizes that alternative to avoid the *Erie* doctrine, which the Supreme Court itself has called "murky."  *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

I.        **Background**

Plaintiff alleges that defendants Jean Lamfers and Sarah Brown defamed his professional reputation and character while he served as President of Garden City Community College.  Doc. 11 at 1 (1st Am. Compl. ¶ 1).  Both defendants work as attorneys.  *Id.* (1st Am. Compl. ¶ 2).  In April 2020, defendants filed a lawsuit against GCCC itself, plaintiff, and other GCCC administrators.  *Id.* at 3 (1st Am. Compl. ¶ 10).

In that lawsuit, defendants represented GCCC volleyball player Shaney Tiumalu.  *Id.* at 1 (1st Am. Compl. ¶ 2).  The Tiumalu lawsuit alleged that plaintiff had discriminated against and sexually harassed women at GCCC and acted in a threatening and intimidating manner toward women and faculty.  *Id.* (1st Am. Compl. ¶ 3).  Also, Tiumalu asserted a claim against plaintiff for First Amendment retaliation.  Tiumalu's lawsuit asserted claims against the other defendants for Title IX retaliation, First Amendment retaliation, conspiracy to interfere with civil rights, and Kansas Consumer Protection Act violations.  *Id.* at 3–4 (1st Am. Compl. ¶ 15).

Things started to go awry in the Tiumalu litigation at Tiumalu's deposition.  For example, in her deposition, Tiumalu testified:

> Q:  Has Mr. Swender denied you rights at all that you're aware of?
>
> A:  Personally, no.
>
> Q:  Has he denied the rights of any female, any person of a protected class, whether it be by age, religion, origin, place of birth, orientation, or anything else, or disability, anybody that you know of, of seeing a policy of denying them their rights?
>
> . . . .
>
> A:  No, not that I know of.

*Id.* at 4 (1st Am. Compl. ¶ 17).  During her deposition, Tiumalu testified that the accusations made in her lawsuit were untrue.  *Id.* at 1 (1st Am. Compl. ¶ 3).

Ultimately, the parties settled the Tiumalu litigation, filing a stipulation of dismissal in September 2022.  *Id.* at 3 (1st Am. Compl. ¶ 15).  Plaintiff filed this lawsuit on August 15, 2023. Doc. 1.  Defendants now have moved to dismiss plaintiff's claims for failure to state a claim. The court evaluates defendants' motion, next, beginning with the relevant legal standard.

## II.      Legal Standard

Fed. R. Civ. P. 12(b)(6) allows a party to move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true.  But this obligation doesn't mean that the court is "'bound to accept as true a legal conclusion couched as a factual allegation.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

III.        Analysis

Plaintiff asserts claims for malicious prosecution, defamation, and fraudulent

misrepresentation under Kansas law.[2]  Defendants have moved to dismiss all three.  The court

considers each claim, in turn, below.

A.        Malicious Prosecution

Plaintiff brings a claim against defendants for malicious prosecution.  To succeed on a

malicious prosecution claim, a plaintiff must show five elements:

> (a) That the defendant initiated, continued, or procured civil procedures against the plaintiff.
>
> (b) [T]he defendant in so doing acted without probable cause.
>
> (c) That the defendant acted with malice, that is he acted primarily for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based.
>
> (d) That the proceeding terminated in favor of the plaintiff.
>
> (e) That the plaintiff sustained damages.

*Budd v. Walker*, 491 P.3d 1273, 1281 (Kan. Ct. App. 2021) (quotation cleaned up).  Defendants

argue that plaintiff fails to plead facts capable of sustaining several of these elements, but the

court need only consider the fourth:  whether the proceeding—the Tiumalu litigation—

terminated in plaintiff's favor.

---

[2]        Plaintiff asserts all three claims under Kansas law.  "The Court applies the forum state's choice-of-law rules to determine which state's substantive law governs a claim."  *Nordwald v. Brightlink Commc'ns, LLC*, 603 F. Supp. 3d 1030, 1040 (D. Kan. 2022) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  For tort claims, Kansas "courts apply the substantive law of the state where . . . the injury was sustained."  *Dragon v. Vanguard Indus., Inc.*, 89 P.3d 908, 914 (Kan. 2004); *Nordwald*, 603 F. Supp. 3d at 1040.  Though plaintiff now is an Oklahoma citizen, he alleges that defendants brought the Tiumalu litigation while he was GCCC's president.  Doc. 11 at 1 (1st Am. Compl. ¶ 1).  So, the court concludes that plaintiff sustained his injury while he resided in Kansas, and Kansas law thus applies to this diversity action.

A proceeding may terminate in plaintiff's favor in one of three ways: "(1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of a failure to prosecute them." *Id.* (quotation cleaned up). The Tiumalu litigation settled, which isn't one of the three options. Indeed, our court has held that if "the plaintiff dismisses [her] claims as a result of compromise or settlement, the case cannot be said to have terminated in favor of the defendant." *Laing v. Shanberg*, 13 F. Supp. 2d 1186, 1188–89 (D. Kan. 1998) (citing *Nelson v. Miller*, 660 P.2d 1361, 1368 (Kan. 1983)).

Plaintiff argues that the litigation terminated in his favor because he didn't pay Tiumalu any settlement money. Doc. 24 at 8. And, plaintiff points out, nowhere in the settlement agreement does he concede liability. *Id.* But plaintiff doesn't cite any authority for his view that a settlement without payment to plaintiff or a concession of liability qualifies as "terminated in his favor" within the three options specified by *Budd v. Walker*. As defendants correctly point out, money isn't the only consideration that can form a contract. And the parties *jointly* dismissed the Tiumalu lawsuit. That is, Tiumalu didn't voluntarily dismiss her claims against plaintiff on her own.

The court concludes that the Tiumalu litigation settled—it didn't terminate in plaintiff's favor—and thus dismisses plaintiff's malicious prosecution claim for failure to state a claim.

**B.    Defamation**

Plaintiff also sues defendants for defamation. Plaintiff's Complaint alleges defendants' "representation of Ms. Tiumalu—and their disregard for the veracity of the statements they made against Dr. Swender on her behalf—led Lamfers and Brown to make libelous statements against Mr. Swender[.]" Doc. 11 at 6 (1st Am. Compl. ¶ 31). A defamation claim under Kansas law has three elements: "(1) false and defamatory words; (2) communication to a third person; and (3)

5

harm to the reputation of the person defamed." *Byers v. Snyder*, 237 P.3d 1258, 1270 (Kan. Ct. App. 2010). Defendants move to dismiss plaintiff's defamation claim, arguing the statements they made in the litigation are protected by privilege, and plaintiff's defamation claim is barred by the statute of limitations. The court only needs to reach the statute of limitations argument to decide defendants' motion.

Defamation claims under Kansas law have a one-year statute of limitations. *Lee v. Reed*, 221 F. Supp. 3d 1263, 1271 (D. Kan. 2016) (citing Kan. Stat. Ann. § 60-514(a)). And the "one-year statute of limitations accrues once the alleged defamation is published or spoken." *Id.* So, "under Kansas law, any action for defamation pled one year after the alleged defamation is published or spoken is time-barred." *Id.*

Plaintiff alleges that defendants made false and defamatory statements in the Tiumalu Complaint and First Amended Complaint. Doc. 11 at 6 (1st Am. Compl. ¶ 32). Plaintiff's pleading in this action places these Tiumalu filings on April 13, 2020, and July 22, 2020, respectively. *Id.* at 3 (1st Am. Compl. ¶¶ 10, 11). And plaintiff filed this action August 15, 2023. Doc. 1. So, the one-year statute of limitations plainly bars this claim because the alleged defamation occurred in 2020—more than three years before plaintiff filed this lawsuit.

Trying to avoid this outcome, plaintiff argues it "was not until the Parties' stipulated dismissal of the underlying litigation that Dr. Swender's cause of action accrued as that was the point beyond which it became clear that Ms. Tiumalu would no longer maintain her baseless claims against Plaintiff[.]" Doc. 24 at 9. So, plaintiff argues, his claim began to accrue when the Tiumalu parties filed their stipulation of dismissal in September 2022. *Id.* Plaintiff cites no authority for this view of law. And it directly contravenes the law, cited above, which holds that plaintiff's defamation claim began to "accrue[] once the alleged defamation is published or

spoken." *Lee*, 221 F. Supp. 3d at 1271.  To the extent plaintiff is attempting to invoke some sort of discovery rule, our court also has explained that it "is irrelevant for the accrual of the statute of limitations when the person allegedly defamed actually learned of the occurrence." *Id.*  The court thus rejects plaintiff's argument and dismisses his defamation claim as time barred.

### C.    Fraudulent Misrepresentation

Plaintiff brings a third and final claim against defendants for fraudulent misrepresentation.  Plaintiff alleges that defendants knew that their statements about plaintiff were false.  "Fraudulent misrepresentation involves an untrue statement of material fact, known to be untrue, made with the intent to deceive or with reckless disregard for the truth, and upon which another party justifiably relies to his or her detriment." *Smith v. Stephens*, 940 P.2d 68, 69 (Kan. Ct. App. 1997).  Defendants ask the court to dismiss plaintiff's fraudulent misrepresentation claim for several reasons but, again, the court only needs to consider defendants' timeliness argument.

Kansas law prescribes a two-year statute of limitations for fraudulent misrepresentation claims. Kan. Stat. Ann. § 60-513(a)(3).  And "'the cause of action shall not be deemed to have accrued until the fraud is discovered.'" *Bonura v. Sifers*, 181 P.3d 1277, 1286 (Kan. Ct. App. 2008) (quoting Kan. Stat. Ann. § 60-513(a)(3)).  "'Discovered' means that the action accrues when [plaintiff] 'possesses actual or constructive notice of the fraud or when, with reasonable diligence, the fraud could have been discovered.'" *Textron Aviation, Inc. v. Superior Air Charter, LLC*, 420 F. Supp. 3d 1186, 1194 (D. Kan. 2019) (quoting *Bonura*, 181 P.3d at 1286).

Here, plaintiff alleges that defendants made fraudulent statements in the Tiumalu litigation, filed in April 2020. Doc. 11 at 3, 7 (1st Am. Compl. ¶¶ 10, 35).  And defendants filed a First Amended Complaint in the Tiumalu litigation in July 2020. *Id.* at 3 (1st Am. Compl. ¶ 11).  Defendants argue that plaintiff's fraudulent misrepresentation claims began to accrue

when defendants filed the First Amended Complaint in July 2020.  Doc. 17 at 14.  Defendants

argue that plaintiff "presumably knew the allegations were false when they were filed as he has

maintained his alleged innocence to this day[.]" *Id.*  The court agrees.

Plaintiff argues that his claim began to accrue on August 20, 2021, the date of Tiumalu's

deposition.  Doc. 24 at 10.  Until the deposition, plaintiff argues, he didn't realize "the full extent

of Defendants' falsehoods[.]" *Id.*  And, at the deposition, "it became clear that Defendants had

acted with reckless disregard for the truth of what they were asserting in the underlying

litigation." *Id.*  But Kansas law doesn't require a plaintiff to realize the full extent of fraud

before bringing the action.  Nor does it require subjective clarity.  Plaintiff need only possess

actual notice or constructive notice to start the two-year statute of limitations clock.  Plaintiff

alleges that defendants made false claims in Ms. Tiumalu's First Amended Complaint—filed in

2020—so he had actual notice of the fraudulent misrepresentations in 2020.  And he didn't file

this lawsuit until 2023.  Doc. 1.  The court thus agrees with defendants.  Plaintiff's fraudulent

misrepresentation claim is time barred and dismisses this claim.

**IV.     Conclusion**

Plaintiff's malicious prosecution claim fails because the Tiumalu litigation settled, it

didn't terminate in his favor.  And plaintiff's defamation and fraudulent misrepresentation claims

are time barred.  The court thus grants defendants' Motion to Strike or, in the Alternative, to

Dismiss (Doc. 17).

In the motion, defendants ask the court to dismiss plaintiff's claims with prejudice.  Doc.

17 at 15.  Generally, "dismissal with prejudice is appropriate where a complaint fails to state a

claim under Rule 12(b)(6) and granting leave to amend would be futile[.]" *Knight v. Mooring*

*Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (internal quotation marks and citation

omitted).  The court dismisses plaintiff's malicious prosecution claim with prejudice because he

can't satisfy an element of the claim.  And to grant plaintiff leave to amend would prove futile because he can't change how the Tiumalu litigation ended.  The court also dismisses plaintiff's defamation and fraudulent misrepresentation claims with prejudice because they're time barred. *See Cosgrove v. Kan. Dep't of Soc. & Rehab. Servs.*, 744 F. Supp. 2d 1178, 1187–88 (D. Kan. 2010) (collecting Kansas authority and stating, "under Kansas law, a dismissal based upon the statute of limitations operates as an adjudication upon the merits"); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (recognizing "that a dismissal without prejudice can have the practical effect of a dismissal with prejudice" where the claim is time barred).

   **IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Jean Lamfers and Sarah Brown's Joint Motion to Strike or, in the Alternative, to Dismiss (Doc. 17) is granted.

   **IT IS SO ORDERED.**

   **Dated this 26th day of July, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
